**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| QUINTERO HAYES,<br><br>Plaintiff,<br><br>v.<br><br>DYLAN LANTAGNE, MICHAEL ERON, and LANE FOX,<br><br>Defendants. | Case No. 26-CV-104-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

Plaintiff Quintero Hayes ("Hayes"), a prisoner proceeding pro se, sued Defendants Dylan Lantagne ("Lantange"), Michael Eron ("Eron"), and Lane Fox ("Fox") (Defendants") for various constitutional violations. ECF No. 1. Hayes has also filed two motions for leave to proceed without prepaying the full filing fee. ECF Nos. 2 and 6. This Order screens the complaint and resolves the motions for leave to proceed without prepayment of the filing fee.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 27, 2026, the Court ordered Hayes to pay an initial partial filing fee of $6.43. ECF No. 9. Plaintiff paid that fee on June 30, 2026. The

Court will grant Plaintiff's motions for leave to proceed without prepaying the filing fee. ECF Nos. 2 and 6. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 3. SCREENING THE COMPLAINT

### 3.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 3.2 Plaintiff's Allegations

On February 8, 2024, Hayes was a backseat passenger traveling on Interstate 43 towards Green Bay, Wisconsin. ECF No. 1 at 7. Lantagne and Eron, Manitowoc County Sheriff Officers, initiated a traffic stop of that vehicle "by lying that the temporary license plate ("Temp Tag") on the rear of the vehicle was illegible" and "in the wrong location." *Id*. Lantagne intentionally misread the Temp Tag to dispatch. *Id*. (providing "D5555UR" instead of the correct set of numbers, namely "D5555HE"). Lantagne intentionally shined a "bright spotlight" on the Temp Tag to obscure the numbers from the view of the dash-cam on his squad car. *Id*. at 8. Yet, Hayes says, one could have nonetheless discerned the correct set of numbers (D5555HE) on the dash-cam video. *Id*. In turn, another backseat passenger, Paige, asked Lantange why the vehicle was stopped, to which Lantange replied that he could not view the Temp Tag. *Id*. When Paige asked whether there was a reason that Lantange could not read them, Lantange replied "no." *Id*.

Lantange, in police reports, documented that he requested a third unit on the basis that he had a reasonable suspicion of drug activity, which, Hayes claims, Lantange did not actually have prior to calling the third unit. *Id*. Hayes asserts that Lantange and Eron lied about seeing Plaintiff drop off cocaine to prolong the stop. *Id*. at 9–10. Hayes goes on to enumerate a list of false statements that Lantange allegedly made to fabricate reasonable suspicion to search the vehicle, such as that the driver exhibited a "raspy

speech, dilated pupils" and "nervousness." *Id*. at 9. Hayes claims that Defendants' actions constituted an illegal stop and search of the vehicle and that Hayes was, as a result, unlawfully arrested. *Id*. at 13.

### 3.3 Law & Analysis

#### 3.3.1 Unlawful Seizure of Vehicle

Hayes alleges that the vehicle was unlawfully seized. ECF No. 1 at 13. To conduct a lawful traffic stop, the officer must have a "reasonable suspicion." *Harris v. Officer Hector Melchor*, No. 23-CV-1094-JES, 2024 WL 3385177, at *6 (citing *United States v. Cole*, 21 F.4th 421, 427–28, 433 (7th Cir. 2021)). Because Hayes challenges the factual predicate for the stop, *see supra* Section 3.2, the Court will allow him to proceed on this claim.

#### 3.3.2 Unlawful Search of Vehicle

Hayes claims that the Defendants "illegally search[ed] the vehicle [he] was travelling in without reasonable suspicion, probable cause or consent," and "seiz[ed] items inside of the vehicle." ECF No. 1 at 13.

The Fourth Amendment protects individuals from unreasonable searches. U.S. CONST. AMEND. IV. "The reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate government interests." *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)). This typically requires the government agent to have probable cause to conduct a search, which demands a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The warrant requirement embodies the probable cause requirement; warrantless searches that are conducted without consent "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated

exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted).

Here, two such exceptions are implicated, namely the search-incident-to arrest exception and the motor vehicle exception. *Arizona v. Gant*, 556 U.S. 332 (2009) (under the former, "police may search a vehicle incident to a recent occupant's arrest when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search."); *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009) (under the latter, "where there is probable cause to believe that a vehicle contains contraband or evidence of a crime, law enforcement may conduct a warrantless search of the vehicle" (citing *Carroll v. United States*, 267 U.S. 132, 153–56 (1925) and *United States v. Pittman*, 411 F.3d 813, 817 (7th Cir. 2005)).

The Court defers ruling on whether either exception applies because Hayes challenges the lawfulness of his arrest, *see infra* Section 3.3.3, and the lawfulness of the traffic stop, *see supra* Section 3.3.1. Thus, for screening purposes, the Court is satisfied that Hayes can proceed on his unlawful search claim.

#### 3.3.3 Unlawful Seizure / Arrest of Hayes

Plaintiff also alleges that Defendants unlawfully arrested him following their illegal search and seizure of the vehicle and the items therein. ECF No. 1 at 13. A person is seized by authorities when a reasonable innocent person would not feel free to leave." *Molina v. Latronico*, 430 F. Supp. 3d 420, 434 (N.D. Ill. 2019) (citing *United States v. Drayton*, 536 U.S. 194, 200–02 (2002)); *see also Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009) ("We have also referred to a seizure for Fourth Amendment purposes as 'an intentional limitation of a person's freedom of movement.'" (quoting *Bielanski v. County of Kane*, 550 F.3d 632, 637 (7th Cir. 2008))).

"An unlawful arrest occurs when a person is seized by police without probable cause." *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) (quoting *A.M. v. Butler*, 360 F.3d 787, 798 (7th Cir. 2004) and citing *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998)). An arrest is just "one flavor of seizure; a seizure ripens into 'an arrest when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.'" *Molina*, 430 F. Supp. 3d at 434 (quoting *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999)). Arresting officers generally have probable cause where they know about facts and circumstances that would allow a reasonable police officer to suspect that a crime had been committed, is being committed, or is about to be committed. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). While "[a]rrests must be supported by probable cause, . . . lesser seizures need only be supported by reasonable suspicion." *Molina*, 430 F. Supp. 3d at 434 (citing *United States v. Lopez*, 907 F.3d 472, 478 (7th Cir. 2018)). Probable cause is an absolute defense to a false arrest claim. *Abbot v. Sangamon County*, 705 F.3d 706, 713–14 (7th Cir. 2013) (citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)).

At this stage, Hayes may proceed against Defendants for an unlawful seizure or arrest under the Fourth Amendment because he challenges the factual predicate for his arrest. *See supra* Section 3.2.

#### 3.3.4 Remaining Issues

All of Hayes' claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but the Court does not have sufficient facts at this juncture to make this determination. "*Heck* bars a plaintiff's suit under § 1983 where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the plaintiff can show that the conviction

or sentence has already been invalidated." *Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) (quoting *Heck*, 512 U.S. at 487 and citing *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)).[1]

Indeed, the Court is uncertain if *Heck* applies here if it is determined that his constitutional challenges only undermine the charges that were read in and dismissed. *State of Wisconsin v. Quintero Lawrence Hayes*, No. 2024CF000116 (Manitowoc Cnty. Cir. Ct. 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000116&countyNo=36&index=0&mode=details ("State Case") (particularly, the read-in charge regarding possession of cocaine).[2] This concern is complicated by the multiple exceptions to the rule. *Mordi v. Zeigler*, 870 F.3d 703 (7th Cir. 2017) (discussing the exceptions to *Heck*); *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010) (similar); *Knox v. Luke*, No. 19-cv-00343, 2023 WL 3389347 (N.D. Ill. May 11, 2023) (similar). Nonetheless, the Court will allow Hayes to proceed on all his claims at this juncture.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Hayes may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

> **Claim One:** Fourth Amendment claim of unlawful seizure of the vehicle by Defendants.
>
> **Claim Two:** Fourth Amendment claim of unlawful search of the vehicle by Defendants.

---

[1]Notably, while a claim of unlawful arrest, alone, does not implicate the validity of a conviction, it can if the arrest and prosecution are based on the same evidence. *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995); *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004).

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

**Claim Three:** Fourth Amendment claim of unlawful seizure/arrest of Hayes by Defendants.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff Quintero Hayes' motions for leave to proceed without prepaying the filing fee, ECF Nos. 2 and 6, be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, ECF No. 1, and this Order upon Defendants Dylan Lantagne, Michael Eron, and Lane Fox pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Dylan Lantagne, Michael Eron, and Lane Fox shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common

Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants move to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.